## AULTMAN & CO. v. UTSEY.

1. RES JUDICATA.—The question of homestead in this case held to be *res judicata.*
2. IBID.—HOMESTEAD.—Where a judgment creditor, in the trial of a question of homestead, fails to raise the question that the debt antedates the Constitution of 1868, he cannot afterwards raise that question.

Before WITHERSPOON, J., Abbeville, November, 1896. Affirmed.

Action by C. Aultman & Co. against W. B. Utsey, A. J. Salinas & Son, and others.

In an action between the same parties that are parties to this proceeding, the Supreme Court held, in the case reported in 41 S. C., 304, that Judge Izlar had failed to pass upon the question of the right of A. J. Salinas & Son to the homestead of F. M. Pope in the premises in dispute, and remanded the case to the Circuit Court, in order that it be determined. It was heard by Judge Ernest Gary at Abbeville, June term, 1894. He decided that A. J. Salinas & Son were the owners of the homestead of F. M. Pope in the said property, and directed the sheriff, upon application, to set it off to them. From the decree of Judge Gary, C. Aultman & Co. appealed, and his decision was affirmed, 44 S. C., 299. The sheriff thereupon proceeded to set off the homestead as directed. The commissioners made their return, to which C. Aultman & Co. filed exceptions. The case was heard by Judge Witherspoon, who decided, as stated, that the questions raised by the exceptions were *res judicata,* and overruled the exceptions.

From this decree the defendants, Salinas & Son, appeal.

*Messrs. Frank B. Gary* and *Samuel C. Cason,* for appellants, cite: *On point decided:* 41 S. C., 304; 44 S. C., 299.

*Messrs. Graydon & Graydon,* contra, on same point, cite: 18 S. E. R., 5; 7 S. C., 146, 171; 13 S. C., 355.

Mr. Justice Gary being disqualified, Judge Watts sat in his place.

June 3, 1897. The opinion of the Court was delivered by

JUDGE WATTS, A. A. J. This is an appeal from an order of his Honor, Judge Witherspoon, overruling exceptions to the return of commissioners in homestead, in which he held that the questions raised by the exceptions are *res judicata*. This question of homestead has already been twice before this Court on appeal. See 41 S. C., 304, and 42 S. C., 299. By reference to said reports it will be seen that in an action between the same parties to this proceeding, this Court held in the case reported in 41 S. C., 304, that his Honor, Judge Izlar, had failed to pass upon the question of the right of A. J. Salinas & Son to the homestead of .F. M. Pope in the premises in dispute, and remanded the case to the Circuit Court in order that it be determined. At the June term of the Court for Abbeville County, in 1894, it was heard by his Honor, Judge Ernest Gary, and he decided that A. J. Salinas & Son were the owners of the homestead of F. M. Pope in the said property, and directed the sheriff upon application to set off said homestead. From this decree C. Aultman & Co. appealed, and the decision of Judge Gary was affirmed, 44 S. C., 299. The sheriff thereupon proceeded to set off said homestead. When the return of the commissioners came in, C. Aultman & Co. filed exceptions, and as has been said, Judge Witherspoon overruled the exceptions, holding that the questions raised by exceptions were *res judicata*, and the appellants appeal to this Court, on the ground that he was in errror in deciding that the questions raised by exceptions were *res judicata*, and on other grounds, which we consider unnecessary to pass upon, as counsel for appellants concede both by verbal statement to the Court and in their printed argument, that the main question in the case is whether claim of homestead is *res judicata*, as held by Circuit Judge.

In deciding this question, it seems to us that we need not look further than Judge Gary's decree, affirmed by this Court. By reference to the case of *Aultman* v. *Salinas*, 44 S. C., 303, we find this said: "By thirteenth

exception, appellants insist that the Supreme Court having remanded the case for the purpose of hearing the question of homestead, the plaintiffs had a right to a hearing *de novo*, and that it was error in his Honor to hold otherwise. It seems to us that the appellants did not raise any such question before the Circuit Judge. So far as the case shows, all that the appellants did was to seek a continuance, upon the ground that the case would require some testimony. If they had had the testimony on hand, ready for use, they would not have needed to continue the cause; they would have been ready to go to trial. If, without reasonable excuse, they had neglected to bring such testimony to the Court for use at the trial, the fault was theirs, and they cannot now devolve their responsibility upon the Circuit Judge." Again, on page 305, we find the following: "Under the circumstances of this particular case, we do not see that the Circuit Judge erred, especially as he offered to allow additional testimony if, during the progress of the trial, its propriety was made manifest. No application was made therefor." Again, in same case, page 305, we find this: "The first exception here presented by appellants imputes error to the Circuit Judge in holding that the judgment of Supreme Court was mandatory, and that he had no right to take further testimony. This exception embodies two propositions: First, that the judgment of the Supreme Court was mandatory; and, second, that the Circuit Judge, under the Supreme Court judgment, could not take other testimony. There can be no doubt that the Circuit Judge properly construed the judgment of this Court as mandatory, so far as the question of homestead is concerned. It was mandatory to that extent. But appellants are mistaken as to the views expressed by the Circuit Judge on the second proposition, for he did not hold that he would not admit such testimony. In addition to this, we would call attention to the fact that the appellants did not offer any additional testimony." · Now, from this it is apparent that the question now sought to be opened up on

this appeal was decided and closed by the appeal in that case. There it is decided that A. J. Salinas & Son are entitled to the homestead in dispute here as against these appellants. Who is to blame for this state of affairs? Why, no one but the appellants, for they were not only before the Court with a right to litigate, but they did litigate, and that with vigor and earnestness; but they neglected to furnish the necessary testimony to make out their case as they contend it should be. It is their misfortune that they did not furnish the necessary testimony, on the trial of this case before Judge Gary, to show that no claim of homestead could prevail against the Matthews judgment, because it was on a claim antedating the Constitution of 1868; but not only did they fail to establish this vital and significant fact, but the proof clearly shows that at the trial their learned, vigilant, and alert counsel did not know this, and they very properly frankly admit that they did not. This Court cannot excuse such oversight or lack of information on the part of appellants; they have had their day in Court, and for their failure to prevail have no one to blame but themselves, under the decision of this Court in the case, in 44 S. C., affirming Judge Gary's decision, and this appeal is virtually an attempt to have us review that decision.

Such being the law of the case, it is the judgment of this Court, that the judgment of Circuit Court be affirmed.